MEMORANDUM ***
Kenneth Howard Macway appeals the district court’s affirmance of the bankruptcy court’s judgment. The bankruptcy court denied Macway discharge under Chapter 7 of the Bankruptcy Code after finding that Macway did not keep adequate records of alleged gambling losses.
We review the bankruptcy court’s decision without deference to the district court and apply the same standard of review applied by the district court. See Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010). We review the bankruptcy court’s choice of legal rules and application of the facts to those rules de novo. Id. We review the bankruptcy court’s factual determinations for clear error. Id. “A court’s factual determination is clearly erroneous if it is illogical, implausible, or without support in the record.” Id.
1. The bankruptcy court did not err in concluding that Macway’s discharge should be denied. Under 11 U.S.C. § 727(a)(3), a debtor is not eligible for discharge if he “has ... failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor’s financial condition or business *659 transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.” The party objecting to discharge bears the initial burden of proving that the debtor should be denied a discharge. In re Retz, 606 F.3d at 1196. “Once the objecting party shows that the debtor’s records are absent or are inadequate, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records.” Lansdowne v. Cox (In re Cox), 41 F.3d 1294, 1296 (9th Cir. 1994).
The U.S. Trustee showed, by a preponderance of the evidence, that (1) Macway “failed to maintain and preserve adequate records, and (2) ... such failure ma[de] it impossible to ascertain [his] financial condition and material business transactions.” See id. (quoting Meridian Bank v. Alten, 958 F.2d 1226, 1232 (3d Cir. 1992)). The bankruptcy court made a number of factual findings, which Macway does not dispute. Macway concedes that he did not maintain or preserve records, but contends that the court could nonetheless ascertain his financial condition based on the evidence he provided at trial (win-loss statements from casinos, tax forms, emails, travel schedules, and investment certificates). However, Macway’s evidence was internally inconsistent and not reliable for reasons described by the U.S. Trustee and adopted by the bankruptcy court. Thus, the bankruptcy court did not err in finding that Macway’s failure to keep adequate records rendered Macway’s true financial condition unascertainable. Further, to the extent Macway argues that his failure to preserve records was justified, such argument fails because Macway was a well-educated, sophisticated international businessman with experience keeping financial records. He should have understood the need to maintain and preserve business records for his gambling syndicate activities. See id. at 1297.
2. The bankruptcy court’s determination that Macway violated § 727(a)(3) is consistent with its determination that Mac-way did not violate § 727(a)(5). Under § 727(a)(5), the debtor is only required to provide an “adequate explanation” for the disposition of assets that the debtor once owned, but no longer owned at the time the bankruptcy petition was filed. In re Retz, 606 F.3d at 1205. The bankruptcy court accepted as adequate Macway’s explanation that all of his funds were gambled. However, the bankruptcy court concluded that, even if Macway had gambled all of the funds, he should still be denied discharge under § 727(a)(3) for failing to maintain and preserve records of his finances.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.